Argued and submitted November 20, 1981, reversed and remanded for trial April 26, reconsideration denied June 10, petition for review allowed June 29, 1982 (293 Or 340)

# STATE OF OREGON,
*Appellant,*

*v.*

# LORI JO McGILCHRIST,
*Respondent.*

## (No. 81-10268, CA A21544)

643 P2d 1319

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Helga Kahr, Milwaukie, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The state appeals from a pretrial order dismissing a complaint charging defendant with assault in the fourth degree. ORS 163.160.[1] The trial court held that the assault charge was barred under the provisions of ORS 131.515(2)[2] because of defendant's former prosecution in the Municipal Court of Milwaukie for the traffic offense of driving under the influence of intoxicants. We reverse and remand.

■ Defendant was charged in the district court of Clackamas County with assault in the fourth degree on January 27, 1981, and was served on February 12, 1981, with a uniform traffic citation charging her in Milwaukie Municipal Court with driving under the influence of intoxicants. Both offenses occurred on January 14, 1981, when defendant, while driving her automobile, struck a pedestrian. She pled guilty[3] to the DUII charge and then moved in the district court to dismiss the assault charge on the ground that the state was barred from prosecuting her under the terms of ORS 131.515(2). That motion was granted, giving rise to this appeal.

■ The record does not disclose whether the DUII offense was a first offense, a Class A traffic infraction, ORS 487.540 (amended by Or Laws 1981, ch 803, § 15; ch 806, § 3),[4] or whether defendant was charged with and pled guilty

---

[1] ORS 163.160, so far as relevant, provides:

"(1) A person commits the crime of assault in the fourth degree if he:

"(a) Intentionally, knowingly or recklessly causes physical injury to another; or

"* * * * *."

[2] ORS 131.515(2) provides:

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

[3] A conviction resulting from a guilty plea constitutes a prosecution under ORS 131.515(2). *State v. Knowles,* 289 Or 803, 618 P2d 1245 (1980), *overruling State v. Hammang,* 271 Or 749, 534 P2d 501 (1975), on that point.

[4] ORS 487.540 provided:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

to a second such offense, prosecuted and punished as a Class A misdemeanor. Former ORS 484.365[5] (repealed by Or Laws 1981, ch 803, § 26). Given that state of the record, and the trial court's finding that defendant was charged with and pled guilty to DUII, "a traffic offense" rather than a traffic crime, we conclude that ORS 131.515(2) (n 2, *supra)* is not applicable. ORS 153.585(1), formerly ORS 44.395(1), provides:

"(1) Notwithstanding ORS 131.505 to 131.535, if a person commits both a crime and a traffic infraction as part of the same criminal episode, the prosecution for one offense shall not bar the subsequent prosecution for the other. However, evidence of the first conviction shall not be admissible in any subsequent prosecution for the other offense."[6]

Accordingly, the order dismissing the complaint is reversed and remanded for trial.

---

"(a) Has .10 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath, blood, urine or saliva of the person made under ORS 487.805 to 487.815 and 487.825 to 487.835; or

"(b) Is under the influence of intoxicating liquor or a controlled substance; or

"(c) Is under the influence of intoxicating liquor and a controlled substance.

"(2) Driving while under the influence of intoxicants is a Class A traffic infraction."

[5] Former ORS 484.365(1) provided:

"(1) Any Class A traffic infraction, as defined in subsection (3) of this section, shall be prosecuted and be punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction, as defined in subsection (3) of this section, or traffic crime within a five-year period immediately preceding the commission of the offense, and the previous conviction was not part of the same transaction as the present offense."

[6] Neither party addressed this question either in the trial court or here, and we do not consider the question whether the exception to ORS 131.515(2) survives *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), or passes muster under *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).